IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MELODY A. RUSSELL
Plaintiff

vs

* CIV: **WDQ14CV4027**

EQUIFAX et al
Defendant

## COMPLAINT

1) Comes now the Plaintiff to respectfully seek relief from the Court pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x.

### Parties
2) Plaintiff is a natural person who resides in Glen Burnie, Maryland.

3) Defendant is a foreign corporation engaging in business within the State of Maryland with a principal place of business located 1558 Peachtree Street NE, Atlanta, GA 30309.

### Venue
4) The court has proper jurisdiction in this matter.

### Overview
5) This complaint will list facts surrounding Plaintiff's consumer report with Equifax, as well as a request for injunctive relief.

### FCRA
6) Defendant is a consumer reporting agency as codified at 15 U.S.C. §§ 1681–1681x.

7) Within the last twelve months, and prior to the last twelve months, Plaintiff requested copies of her consumer reports, as she was attempting to seek employment, and was trying to obtain financing to attend graduate school.

8) The request was made in addition to disputing inaccuracies that existed previously.

1

9) Some inaccuracies included the fact that the Plaintiff's Student Loans were actually deferred, as she was a full-time student, the fact that a debt collector violated the FDCPA by attempting to collect on a disputed debt, and the fact that a creditor had no legal rights to ever demand payment for an account [Exhibit 1].

10) Plaintiff specifically asked Defendant for the results of investigation to be delivered in writing, and for the Defendant to provide hard copies of the sources used to verify the accounts that were inaccurate.

11) Along with the dispute, Plaintiff provided copies of paperwork to support the fact that the inaccuracies on the report were indeed inaccurate, and should have been removed.

12) Defendant failed to properly investigate the supported documentation via US Mail, as required by FCRA, and violated 15 U.S.C. §§ 1681–1681x.

13) Defendant electronically communicated with Plaintiff without her consent, which doesn't satisfy the written correspondence requirement under FCRA.

14) Defendant had no reason to communicate with Plaintiff electronically, as Plaintiff made all disputes via US Certified Mail.

15) Plaintiff didn't merely dispute ownership, and it shows that the Defendant failed to investigate the inaccuracies, or examine the supported documentation as required by 15 U.S.C. §§ 1681–1681x.

16) Defendant also failed to provide copies of their sources for verifying information when requested by Plaintiff, as required by 15 U.S.C. §§ 1681–1681x.

17) Their lack of investigation caused Plaintiff to miss out on employment opportunities with the federal government, federal contractors, and other employers that use Equifax in their employment background check; it also impeded her ability to complete graduate school.

18) Graduate Plus loans rely heavily on Equifax, and denials to Plaintiff have been based on erroneous information found in Equifax [Exhibit 2].

19) Plaintiff has tried to resolve this issue outside of court on multiple occasions via USPS Delivery Confirmation, Certified Mail, BBB, and regular first-class mail.

20) In spite of Plaintiff's best attempts to resolve her issues with Defendant, they have failed to investigate her disputes, and failed to provide Plaintiff with certified verification.

21) Defendant's actions have allowed ruthless debt collectors and ruthless creditors to continue to harm Plaintiff, as well as kept her from obtaining meaningful employment.

22) Defendant has violated FCRA 15 U.S.C. §§ 1681–1681x.

<u>Prayer of Relief</u>
WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff actual and statutory damages pursuant to the FCRA.

2. Defendant failed to provide documentation to provide solid proof of their investigation, Plaintiff is entitled to have the disputed information removed under the FCRA. Plaintiff therefore requests the court to order Injunctive Relief, to include:

   A) Immediately and permanently remove all items that were disputed by Plaintiff;

   B) Immediately and permanently remove any "hard" inquiries from 2013 and 2014;

   C) Immediately provide an updated copy of Plaintiff's consumer report to the Plaintiff's mailing address listed in this complaint.

   D) Cease any electronic communication with Plaintiff, unless requested.

3. Award the Plaintiff costs associated with preparing complaint, and charges incurred to resolve the issue with the Defendant.

4. Award such other and further relief as this Court may see fit.


RESPECTFULLY,




BY   /S/   Melody A. Russell
PLAINTIFF